BUTTERWORTH-JUDSON COMPANY

*v.*

THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

[Decided March 11th, 1907.]

1. Where a railroad purchased the fee of land for occupation by its tracks in the exercise of its public franchise of operating a railroad, one who had an easement of a right of way over such land, which easement was interfered with by the operation of the railroad, was entitled to compensation under the Eminent Domain act (*Revision, P. L. 1900 p. 79*), providing for compensation to all persons having any interest in the land taken.

2. An injunction will lie to restrain a railroad from occupying complainant's real estate, and to compel the removal of its tracks, unless compensation be made.

---

On bill for injunction. Heard on bill, amended bill, answer, replication and proofs.

*Mr. John A. Miller,* for the complainant.

*Mr. George Holmes,* for the defendant.

EMERY, V. C.

The construction and operation by the defendant of its railroad across the strip of land in question is an interference to some extent with the right of way over the strip, to which the complainant is entitled under its deeds. This results necessarily from the fact that by reason of such operation the complainant is at all times required to observe, at the place of crossing, increased care and attention to avoid danger, and is at some time during every day regularly deprived for a time of the use of the right of way at this crossing.

The railroad, as appears by the answer, is constructed and operated under the authority of defendant's charter and the provisions of the General Railroad law authorizing the construction of railroads and their use as public highways with the right of taking tolls. The construction therefore is made under express statutory authority to construct and operate for public use that which would otherwise be a nuisance to the complainant. The strip of land in question has been purchased by the defendant railroad company, which owns the fee thereof, subject to the complainant's right of way, but the ordinary use of the land by the owner of the fee does not include the erection and operation on it of a steam railroad for the purpose of reaching lands of other parties in the exercise of a public franchise of operating a railroad and taking tolls. The company sets up in its answer that the road runs from its Newark and New York branch to the factories on the meadows, and it was proven in the case that it is operated for that purpose. This makes the use of the railroad at the strip of land in question, the operation of a portion of its system which it holds under its charter and the General Railroad acts, and subject to the conditions provided by those acts, as to the interference with private rights in the lands on which the road is constructed and operated. One of these conditions is that private property cannot be taken for

public use without just compensation first made, and the interference in any manner whatever with complainant's easement of the right of way in question is a taking of the complainant's property under the statute. The General Eminent Domain act (*Revision, P. L. 1900 p. 79, &c.,*) provides for compensation to the owners, occupants and all persons appearing of record to have any interest in the land taken, and under statutes of this character, it is settled that persons holding easements of right of way are included as persons interested. *State National Railway Co., prosecutor,* v. *Easton and Amboy Railroad Co., 36 N. J. Law (7 Vr.) 181, 184 (Supreme Court, 1873).* The amount of compensation depends, of course, on the extent of interference, but the complainant has a right to compensation for any permanent disturbance of its right of way by the construction or operation over the strip in question of a steam railroad as a public highway for the payment of tolls.

The claim on the part of the defendant, that this construction and operation of a railroad is an exercise of the reserved powers of the owner of the fee to use his own land in such a way as not to interfere with the right of way, is not well founded, either in fact or in law, and does not, in my judgment, reach the case, which is altogether one of interference with complainant's right of way under powers given to defendant by its charter and the railroad acts. The situation and rights of the parties, both as to fact and law, are controlled by those acts, and not by the rules regulating the ordinary use by the owner as of common right of land subject to a private right of way.

I conclude, therefore, that so far as the rights of the complainant are concerned, I must declare that its right has been interfered with, and without the payment or tender of compensation therefor, provided for by the statute. I do not go into the extent of the interference, because, in the view I take of the case, that question is not at present material. As complainant did not consent to this erection or operation of the railroad across the strip of land in question, but did everything in its power to prevent it, it is a case where, I think, it is strictly entitled to the protection of its constitutional and statutory right to compensation, by the exercise of the power of this court to enjoin

the further operation of the railroad and compel the removal of the tracks, unless compensation is made. See cases cited in *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416, 419 (Court of Errors and Appeals, 1886)*. The complainant's right to an easement being admitted, and the facts on which the claim of right to interfere therewith is based being undisputed, there is no reason for sending complainant to a court of law merely to determine whether on these facts the interference is the lawful exercise of the common-law rights of an owner of land subject to an easement, or whether it is a taking of lands for public use under statutory authority. If it is such taking, then the right can be ultimately protected only by an injunction, and the case being on final hearing here, the relief should now be granted. But inasmuch as defendant would be entitled to take proceedings for condemnation, I will hear parties on the settlement of the decree as to whether the issuing of the injunction should be delayed until a time fixed, in order to give the defendant opportunity to institute condemnation proceedings, and will at the same time hear them on the terms, if any, upon which such delay should be made in the issuance of the injunction.